ON REHEARING
PER CURIAM.
In his petition for rehearing, the appellant has pointed out that the opinion on this appeal inaccurately stated that the order appealed was entered after a motion for directed verdict at the conclusion of the plaintiff’s case. The appellant also points out that the order was entered after the close of all the evidence and after the trial court had taken under advisement defendant’s motion for a directed verdict, and that the plaintiff moved for a non-suit. The opinion has been corrected to remedy this misstatement.
The appellant urges that under these conditions the trial court must be regarded as actually exercising its discretion, and that, having exercised that discretion to allow a non-suit (which was in reality a dismissal without prejudice), this Court should hold the order to be an abuse of discretion.
We adhere to our original decision, and assign as an additional ground therefor our opinion that we should not hold the instant order to be an abusé of discretion because we cannot know whether the trial judge in fact exercised his discretion or was acting under a misapprehension as to the applicable law as to non-suits. The period of time *224 during which there was an uncertainty in the practice in this regard was short, and the uncertainty has been fully corrected by Rule 1.35(a) (1), Florida Rules of Civil Procedure, 30 F.S.A. (1965 Revision), which now permits dismissal without prejudice and without order of court at any time before the jury retires.
The petition for rehearing is denied.